UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PATRICIA A. AMERAL, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 24-cv-12942-LTS |
| KENNETH C VINING, et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER

November 26, 2024

SOROKIN, D.J.

In this action, pro se plaintiff Patricia A. Ameral alleges, inter alia, that she is being wrongfully evicted from a property where she has lived for 36 years and to which she still claims title. Ameral has filed a motion captioned as an "Emergency Motion for Preliminary Injunction Against Execution for Possession Upon Her Property and Home by the State Housing Court, Constitutional Due Process Violations Alleged." (Docket No. 2).

The Court DENIES the motion for injunctive relief. The Court has no authority to require a state court to stay execution of its own judgment. Under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act "is a necessary concomitant of the [decision of the Framers of the Constitution] to authorize, and Congress' decision to implement, a dual system of federal and state courts." Smith v. Bayer Corp., 564

U.S. 299, 306 (2011) (quoting Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 146 (1988)). The Anti-Injunction Act's "core message is one of respect for state courts," and it "commands that those tribunals 'shall remain free from interference by federal courts.'" Id. (quoting Atlantic Coast Line R. Co. v. Locomotive Eng'rs, 398 U.S. 281, 282 (1970)).  Here, the relief Ameral seeks falls within the judicial action prohibited by the Anti-Injunction Act.[1]

To the extent that Ameral brings claims directly under 42 U.S.C. § 1983 against the Commonwealth's Housing Court for allegedly violating her right to due process during the summary process proceeding, said claims fail as a matter of law.  States (including their departments and agencies and state officials acting in their official capacities) are not subject to suit under 42 U.S.C. § 1983 in state or federal courts.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that neither states nor state officials acting in their official capacities are "persons" subject to liability under 42 U.S.C. § 1983).[2]

Further, pursuant to the Eleventh Amendment to the United Status Constitution, a state (including its departments) has immunity from suit in a federal court unless (1) the state has waived its immunity; or (2) Congress has abrogated the state's immunity.  See Va. Off. for Protection & Advoc. v. Stewart, 563 U.S. 247, 253-54 (2011); Whalen v. Mass. Trial Ct., 397 F.3d 19, 28-30 (1st Cir. 2005) (state trial court entitled to Eleventh Amendment immunity).

---

[1] There are three exceptions to the Anti-Injunction Act: "when [the injunction is] expressly authorized by statute, necessary in aid of the court's jurisdiction, or necessary to protect of effectuate the court's judgment." Chick Kam Choo, 486 U.S. at 146.  These exceptions, none of which are present in this action, "are designed to ensure the effectiveness and supremacy of federal law." Id.

[2] A § 1983 claim against an individual judicial officer for injunctive relief would not fare any better.  "[I]n any [§ 1983] action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.

Here, Massachusetts has not waived, nor has Congress abrogated, the state's Eleventh Amendment immunity with regard to Ameral's claims.

Accordingly, the Emergency Motion for Preliminary Injunction (Docket No. 2) and Motion for Emergency Hearing (Docket No. 5) are DENIED.  All other pending motions shall be addressed by separate order.  Summonses shall issue only upon order of the Court.

SO ORDERED.

/s/ Leo T. Sorokin
UNITED STATES DISTRICT JUDGE