UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICIA A. AMERAL, )<br>　　　　　　　　　　　　　　)<br>　　　　Plaintiff,　　　　　　　)<br>　　　　　　　　　　　　　　)<br>　　　　v.　　　　　　　　　　　)     Civil Action No. 24-cv-12942-LTS<br>　　　　　　　　　　　　　　)<br>KENNETH C VINING, et al.,　　)<br>　　　　　　　　　　　　　　)<br>　　　　Defendants.　　　　　　)<br>　　　　　　　　　　　　　　) | |

MEMORANDUM AND ORDER

December 10, 2024

SOROKIN, D.J.

　　Pro se plaintiff Patricia A. Ameral brings this action against D Development Group, LLC, its manager, and two of its attorneys, alleging that they have violated her rights under the Fourteenth Amendment over the past ten years during the course of litigation concerning property she occupied for 36 years and to which she still claims title. Ameral claims that, most recently, in the state summary process proceeding, the defendants wrongfully obtained a judgment of possession in their favor and seek to evict her from the property. Ameral also names the Commonwealth of Massachusetts, including its housing court, as a defendant. Instead of paying the filing fee, Ameral filed a motion for leave to proceed in forma pauperis. For the reasons stated below, the Court GRANTS the motion for leave to proceed in forma pauperis and DISMISSES this action.

I.        **Motion for Leave to Proceed in Forma Pauperis**

Upon review of Ameral's motion for leave to proceed in forma pauperis, the Court GRANTS the same.

II.       **Review of the Complaint**

A.       Standard of Review

Because Ameral is proceeding in forma pauperis, the Court conducts a preliminary review of her complaint. Under 28 U.S.C. § 1915(e)(2), the Court may review an in forma pauperis complaint and dismiss any claims therein that are malicious, frivolous, seek monetary damages against a party immune from such relief, or fail to state a claim upon which relief may be granted. In conducting this review, the Court liberally construes the complaint because Ameral is representing herself.

To state a claim upon which relief may be granted, a complaint must, inter alia, contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint meets this pleading standard, the Court accepts well-pled factual matter as true, but the Court "is not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly v. Bell Atlantic Corp., 550 U.S. 544, 555 (2007)). Instead, the complaint must "contain sufficient factual matter, accepted as true, to 'to state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

B.      42 U.S.C. § 1983

Invoking the Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331, Compl. at 7 ¶ 9, Ameral brings this action under 42 U.S.C. § 1983 ("§ 1983"), which provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.  To state a § 1983 claim, a plaintiff must sufficiently allege that (1) the conduct complained of was committed by a "person" acting under color of state law; and (2) this conduct deprived the plaintiff of rights, privileges or immunities secured by the United States Constitution or other federal law.  See Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005).

Ameral has failed to state a claim under § 1983 against the Commonwealth upon which relief may be granted.  As the Court explained in its November 26, 2024 order denying Ameral's motion for a preliminary injunction, states (including their departments and agencies and state officials acting in their official capacities) are not subject to suit under 42 U.S.C. § 1983—in state or federal courts.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that neither states nor state officials acting in their official capacities are "persons" subject to liability under 42 U.S.C. § 1983).[1]

---

[1] Ameral also states that she is bringing a claim under 18 U.S.C. § 242.  Compl. at 2-3. However, this statute provides for criminal prosecution by the United States--not by a private citizen.  See Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as a prosecutor can bring a complaint under 18 U.S.C. §§ 241-242.").

Further, pursuant to the Eleventh Amendment to the United Status Constitution, a state (including its departments) has immunity from suit in a federal court unless (1) the state has waived its immunity; or (2) Congress has abrogated the state's immunity.  See Va. Off. for Protection & Advoc. v. Stewart, 563 U.S. 247, 253-54 (2011); Whalen v. Mass. Trial Ct., 397

Ameral has also failed to state claims under § 1983 against the four other defendants—who are private parties—because they were not acting under color of state law. Private conduct may be deemed to be "under color of state law" when it is "fairly attributable" to the state, Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982), and "[a] private attorney who conspires with a state judge is within § 1983's purview," Hamilton v. Arnold, 29 Fed. App'x 614, 616 (1st Cir. 2002). However, Ameral's allegations of "collusion" between the private defendants and the state court to deprive Ameral of her federal rights, Compl. at 3, 9 ¶ 14, 39 ¶ 135, is too conclusory or otherwise meager to state a plausible claim that the private defendants were acting under color of state law. See, e.g., Anderson v. Kitchen, 389 Fed. App'x 838, 841 (10th Cir. 2010) "When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." (quoting Scott v. Hern, 216 F.3d 897, 907 (10th Cir. 2000))); Ciambriello v. County of Nassau, 292 F.3d 307, 325 (2nd Cir. 2002) (stating that "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct" (quoting Dwares v. City of N.Y., 985 F.2d 94, 100 (2d Cir.1993))); Fries v. Helsper, 146 F.3d 452, 458 (7th Cir. 1998) (stating that "only accusations and conclusory allegations that defendants conspired with [a judge] and influenced his decisions"

---

F.3d 19, 28-30 (1st Cir. 2005) (state trial court entitled to Eleventh Amendment immunity). Ameral does not identify any claim for which the Commonwealth has waived, or Congress has abrogated, the state's Eleventh Amendment immunity.

"do not demonstrate that defendants acted under color of state law and are not sufficient to survive a motion to dismiss").

      C.      Res Judicata

Further, whether Ameral brings claims under federal or state law, under the doctrine of res judicata, she cannot relitigate claims (or certain claims she could have brought) in earlier cases or issues that have already been determined by a court.

The term res judicata "comprises two distinct doctrines regarding the preclusive effect of prior litigation." Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc., 590 U.S. 405, 411 (2020). "[C]laim preclusion (sometimes itself called res judicata). . . . prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." Id. at 412. As a matter of logic, claim preclusion does not apply to claims that did not exist during earlier, relevant litigation. See Compl. ¶ 4 ("The doctrine of res judicata does not apply to claims that did not exist when the first suit, or her prior suits, were filed."). However, issue preclusion—which is another type of res judicata—"precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment." Lucky Brand, 590 U.S. at 411 (emphasis added). Under Massachusetts law, a trial court judgment is final for purposes of issue preclusion even if it on appeal. See Commonwealth v. Hernandez, 481 Mass. 582, 595 (2019).

Ameral asserts that res judicata cannot apply in this action because, inter alia, the state courts are not "Article III" courts and the earlier state actions were concluded without a jury trial. Compl. at 4 ¶ 1, 14. This argument has no merit. "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, see U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and

5

statutory claims properly presented by the parties." Casa Marie, Inc. v. Super. Ct., 988 F.2d 252, 262 (1st Cir.1993) (footnote omitted).  In addition, "[t]he Supreme Court has consistently held that states are not constitutionally required to provide a jury trial in civil cases." Gonzalez-Oyarzun v. Caribbean City Builders, Inc., 798 F.3d 26, 29 (1st Cir. 2015).

### III.   Conclusion

Accordingly, the Court hereby orders:

1. The motion for leave to proceed in forma pauperis is GRANTED.

2. This action is DISMISSED for failure to state a claim upon which relief may be granted.  The dismissal is without prejudice with regard to any state claims.

3. Any remaining motions shall be terminated as moot.

SO ORDERED.

                                               /s/ Leo T. Sorokin  
                                              UNITED STATES DISTRICT JUDGE